UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 03-4166

NATHANIEL JACKSON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-01-47)

Submitted: July 29, 2003

Decided: August 29, 2003

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James S. Perry, PERRY, PERRY & PERRY, Kinston, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Nathaniel Jackson appeals from the judgment of the district court convicting him of armed bank robbery, brandishing a firearm during the course of a crime of violence, and possession of a firearm by a convicted felon, all in violation of 18 U.S.C. §§ 2, 922, 924, 2113 (2000). In his appeal, filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Jackson raises three claims but notes that they are frivolous. Jackson has been informed of his right to file a pro se supplemental brief but has declined to do so. We affirm.

In his first claim, Jackson alleges that the district court erred by failing to provide him with unspecified records from the jail pertaining to Antonio Wilson, a Government witness. Jackson claims that the records would have demonstrated Wilson's bias against Jackson. Evidence tending to impeach a Government witness must be disclosed to a defendant if known to the Government. *Giglio v. United States*, 405 U.S. 150, 153-55 (1972). A prosecutor's failure to disclose "evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The evidence was not material in this instance because both the Government and Wilson admitted to the bias of which Jackson complained. Accordingly, this claim is denied.

Jackson next alleges that the district court's order directing him to briefly don a hat in front of the jury denied him his Fifth Amendment right against self-incrimination. The Fifth Amendment "privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." *Schmerber v. California*, 384 U.S. 757, 761 (1966) (footnote omitted). The privilege does not attach to "evidence of acts noncommunicative in nature." *Id.* at 761 n.5. Jackson has not

alleged, and we find no evidence to support, that the hat was used in any communicative manner. Accordingly, this claim is denied.

Jackson's final claim is that there was insufficient evidence to support his convictions. To determine whether there is sufficient evidence to support a conviction, this court considers whether "there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). This court does not weigh the evidence or determine the credibility of the witnesses. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). At trial, several witnesses identified Jackson as the individual who robbed the Southern Bank and Trust at gunpoint. Additional testimony related to Jackson's admission to his involvement in the robbery, and Jackson stipulated that he was a convicted felon. Accordingly, we conclude that sufficient evidence supports Jackson's convictions.

Finding no meritorious issues upon our review of the record, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*